96 F.3d 1450
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny DeSILVA and Jason Oliva, Defendants-Appellants.
 Nos. 96-1003, 96-1291.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 3, 1996.
Decided Sept. 5, 1996.
 
 Before POSNER, Chief Judge, and FLAUM, and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 With two confederates, Johnny DeSilva and Jason Oliva were convicted of bank fraud, and of conspiring to commit that offense. DeSilva received a light sentence--three months in prison, to come at the end of a 13-year term he is serving for unrelated state crimes. (Actually he received a six-month sentence, but the judge provided that three of these months would be served concurrently with the state sentence.) Oliva received a more substantial sentence of 33 months' imprisonment.
 
 
 2
 DeSilva contends that his whole federal sentence should be concurrent with his state sentence, so that he would suffer no punishment whatever for his fraud. The district judge possessed that option under U.S.S.G. § 5G1.3(c) and Application Note 3, but he did not have to exercise it. The Sentencing Guidelines are designed to fit the punishment to the crime and the offender. An effective punishment of zero is in order only in the rarest of circumstances, of which this is not one. That DeSilva has committed a serious state crime does not make his federal offense less culpable, and there is no principle that a person who receives a stiff sentence for one crime is entitled to escape punishment for his remaining offenses.
 
 
 3
 DeSilva's other contention--that the district court could not rely exclusively on hearsay to make the preliminary determination that he was a member of the charged conspiracy--takes little account of Bourjaily v. United States, 483 U.S. 171 (1987), and none of United States v. Martinez de Ortiz, 907 F.2d 629 (7th Cir.1990) (en banc), which between them sink the argument. No more need be said about his appeal.
 
 
 4
 Oliva's sentence depended on an enhancement for obstruction of justice (in particular, perjury at trial) plus an upward departure on account of prior criminal acts that were not reflected in his criminal history calculation. The obstruction enhancement was proper under United States v. Dunnigan, 507 U.S. 87 (1993). The upward departure was not an abuse of discretion (the applicable standard of appellate review, see Koon v. United States, 116 S.Ct. 2035, 2046-48 (1996)). The judge concluded that Oliva committed numerous unlawful acts, including serving as the driver in a gang-related drive-by shooting, that were not reflected in his criminal history, and that when considered show him to be a more dangerous person (and a more likely recidivist) than the base calculation implies. This is a proper ground for departure. U.S.S.G. § 4A1.3.
 
 
 5
 That Oliva has been acquitted of one episode the judge considered does not place the events off limits. United States v. Masters, 978 F.2d 281, 285-87 (7th Cir.1992). The acquittal means that the evidence does not establish guilt beyond a reasonable doubt, but the usual standard at sentencing is a preponderance of the evidence. Masters, 978 F.2d at 286. Considering prior criminal episodes also does not pose any problem under the double jeopardy or due process clauses. See Witte v. United States, 115 S.Ct. 2199 (1995). Oliva does not contend that the district judge lacked a basis to find, by a preponderance of the evidence, that he committed the additional crimes on which the judge relied. There is accordingly no reason to upset his sentence.
 
 
 6
 AFFIRMED.